HARRY SPENCER, IMPLEADED WITH JONATHAN SPRAGUE v. PAUL FISH FOR THE USE OF HENRY E. SMITH.

*Dismissal of writ of error—Settlement of bill of exceptions—Certificate of acknowledgment.*

A writ of error to bring up a judgment against joint parties should be taken out in the name of all, and if any do not wish to prosecute it, a severance may be had under Supreme Court Rule 35. But a writ taken out in the name of only one is amendable, if it identifies the judgment; and if the party who was not joined afterwards files his election not to proceed, the writ will not be dismissed for the non-joinder, but the other may be allowed to proceed separately.

The clerk's neglect to enter an oral order extending the time to settle a bill of exceptions is not ground for striking out a bill settled in pursuance of it; and the omission may be cured by an order for extension made *nunc pro tunc* at the next term.

All objections to a record as it stands at the beginning of the term should be made then, and not by separate motions, made on different motion days, to dismiss the writ and strike out the bill of exceptions.

The certificate of the county clerk to the acknowledgment of a recognizance of bail is not a record made in open court and may be impeached by testimony in denial of the execution of the bond; and it is error to charge as matter of law that the certificate is entitled to more weight than the unsupported oath of the defendant in an action against the bail.

In an action on a recognizance of bail the jury must determine whether to believe the certificate of acknowledgment thereto, or the testimony of the defendant denying the execution of the bond.

Error to Oakland. Submitted Jan. 21. Decided April 8.

ACTION on recognizance. Defendant Spencer brings error.

*C. & W. N. Draper* and *Cowles & Cahill* for plaintiff in error.

*A. L. Millard* for defendant in error. The county clerk's official certificate of the acknowledgment of a recognizance of bail before him is entitled to belief rather than the unsupported oath of the party who purported to acknowledge it, *Graham v. Anderson* 42 Ill. 514; *Lickmon v. Harding* 65 Ill. 505; *Canal & Dock Co. v. Russell* 68 Ill. 426; *McPherson v. Sanborn* 88 Ill. 150; *Hartley v. Frosh* 6 Tex. 208; *Jamison v. Jamison* 3 Whart. 457; *Ridgely v. Howard* 3 Har. & McH. 321.

Motion to dismiss writ. Submitted January 6. Decided January 9.

PER CURIAM. The writ of error in this case should have been sued out in the name of both the defendants below; and a severance effected afterwards under the rules.

But as the writ actually issued identifies the judgment, it would be amendable, and as the defendant who was not joined has now filed his election not to unite in prosecuting the writ, the substantial purpose of the proceedings under the rules has been accomplished, and instead of dismissing the writ, we think it competent and proper that an order be entered that Spencer be at liberty to proceed in the case separately. It will be ordered accordingly.

---

Motion to strike out bill of exceptions. Submitted January 20. Decided January 21.

PER CURIAM. Motion to strike out bill of exceptions on the ground that the exceptions were not settled during the term at which the trial took place, nor was any order made during the term extending the time for the settlement of exceptions.

It is conceded that no order appears extending the time for settlement of exceptions, but it was shown in the court below that the judge made an oral order giving time, which the clerk neglected to enter: thereupon at a subsequent term the judge made an order *nunc pro tunc*, as of the proper time, giving time for the purpose. We think this was a proper method of correcting the neglect of the clerk, and that the judge had full power to do what he did.

We deem it proper also to note the fact that a motion was made on the first day of this term to dismiss the writ of error. All objections to the record as it then stood in this court ought to have been made at that time: it is not advisable to take up objections separately on distinct motions and on different days.

---

MARSTON, C. J. Plaintiff in error was sued upon a recognizance of bail. He pleaded the general issue and

filed an affidavit denying his execution thereof, and evidence was given by him on the trial tending to show that he did not execute the instrument sued on.

The court instructed the jury that the recognizance taken and acknowledged before the county clerk was *prima facie* evidence against the defendant, and that the burthen of proof was upon the defendant to show that the clerk's certificate thereon was false, and that "notwithstanding the defendant swears that the instrument is a forgery, the certificate of the county clerk, being in due form and by the proper officer, in the absence of fraud and conspiracy, is entitled to more weight than the unsupported oath of the defendant." This was excepted to and is assigned as error.

We are of opinion that the court erred in thus instructing the jury. The recognizance and certificate of the clerk thereto did not import absolute verity, and could not be considered as a record made in open court. Under the issue in this case the defendant was at liberty to impeach it, and having introduced testimony having that tendency, it became a question of fact for the jury. It was their province to pass upon the testimony, and to determine therefrom whether the defendant had executed the recognizance. They might have considered the official certificate of the clerk the better evidence, but the court could not properly instruct them that it was such as matter of law.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.