J. E. T. BOWDEN ET AL., APPELLANTS, VS. EMILY R. WILSON, EXECUTRIX, ET AL., APPELLEES.

1. Where a case has been tried at a term of the Circuit Court, and an order has been entered upon the minutes of the term, allowing time after the term for making up and signing a bill of exceptions, and the Judge of such Circuit, who tried the case, becomes unable from sickness to settle and sign the bill in vacation, a Judge of another Circuit has power under section 4, of chapter 373, Laws of Florida, (sec. 27, p. 337, McC's. Dig.,) to settle and sign it in vacation within the time limited by the order.

2. Where there has been no entry of such an order in the minutes of the term, as provided by Rule 97, of the Circuit Court Rules, the bill of exceptions will be struck from the transcript of the record filed in the Supreme Court on appeal.

Appeal from the Circuit Court for Duval county.

This case was tried and judgment therein was entered in said Circuit Court, at the spring term thereof for 1884. Said court adjourned, and said term ended June 19, 1884. On July 10, 1884, there was filed in the office of the clerk of said court an order, signed by the Judge of said court, and dated June 16, 1884, allowing the appellants thirty days after the adjournment of said term " in which to prepare and present their bill of exceptions."

The bill of exceptions was signed July 18, 1884.

The other facts of the case are stated in the opinion.

*A. W. Cockrell & Son* for the motion.

*F. F. L'Engle & Son contra.*

Mr. Justice Raney delivered the opinion of the court:

The motion of the appellees in this case is "to strike from the records herein what purports to be transcribed therein as a bill of exceptions, and the assignment of error based thereon," upon the ground that said purported bill of exceptions was not signed by the Judge of the Circuit Court of the Circuit in which the case was tried, nor otherwise established as required by law.

The case was tried in the Circuit Court for Duval county at the spring term, 1884, before Judge Baker, of the 4th Circuit, and the bill of exceptions was signed after the adjournment of the term by Judge Vann, of the 3d Circuit in the latter circuit. It is stated in the bill of exceptions that Judge Baker is "unable from sickness to sign and settle" it, and such was the ground of the application to Judge Vann, as is shown by the notice and affidavit in the record.

The statute of Westminster, the second, 13 Edward I, cap. 31, A. D. 1285, is as follows: "When one that is impleaded before any of the justices doth alledge an exception, praying that the justices will allow it, which if they will not allow, if he that alledged the exception do write the same exception, and require that the justice will put to their seals for a witness, the justices shall do so; and if one will not another of the company shall, and if the King, upon complaint made of the justices, cause the record to come before him, and the same exception be not found in the roll, and the plaintiff show the exception written, with

the seal of a justice put to, the justice shall be commanded that he appear at a certain day, either to confess or deny his seal, and if the justice cannot deny his seal, they shall proceed to judgment according to the same exception, as it ought to be allowed or disallowed."

Rule 97, of the Circuit Court Rules, provides that " the bill of exceptions shall be made up and signed during the term of the court at which the verdict is rendered or trial had, unless by special order further time is allowed. In case such special order is made it shall be entered in the minutes, and in making up the bill of exceptions the fact that such an order was made shall be mentioned therein or shall otherwise appear in the record."

Section 4, of chapter 327, of the statutes, A. D. 1851, McC.'s Dig., §27, page 337, provides that " whenever the Judge of a Circuit Court shall be unable from absence, *sickness* or other cause, to discharge any duty whatever appertaining to his office which may be required to be performed *in vacation or between terms*, it shall be the duty of any other Circuit Judge on the application of any party to perform such duties, and to hear and determine all such matters as may be submitted to him ; and such judge may discharge said duties either in his own or any other circuit, and shall be substituted in all respects in the place and stead in the matter aforesaid, of the judge unable   *   *   * to act."

In Hays, Adm'x, vs. McNealy, 16 Fla., 406, " a case and exceptions " were presented by appellant to Judge Van-Ness, of the First Circuit, who had tried the cause. The respondents offered amendments to the same. Judge Van-Ness resigned before he had settled the " case and exceptions " and the Hon. A. E. Maxwell was appointed his successor, and afterwards settled the case and exceptions as amended. This court held that "the rule requiring that

the Judge presiding at the trial shall settle the case or exceptions, does not control where at the time the case is to be settled, such Judge has resigned. Public duties upon which depend private rights do not pass away with the official existence of the Judge resigning, and the duty of settling a case or exceptions devolves upon his successor. In exercising such power this court must presume that he acted upon reliable information."

In Ketchum vs. Hill, 42 Ind., 64, the Supreme Court held that " a person who has been a Judge and presided at the trial of a cause possesses no power to sign a bill of exceptions in such causes after he has ceased to be a Judge. The successor in office of such Judge has full power to sign a bill of exceptions embodying the evidence, and this court is bound to presume that in exercising such power he acted on reliable information." The statute governing the case in Indiana provided that " where the decision is not entered on the record or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exception to writing, and present it to the Judge for his allowance and signature. If true the Judge shall sign it, whereupon it shall be filed with the pleadings as a part of the record, but shall not be spread at large upon the order book. If the writing is not true the Judge shall correct it or suggest the correction to be made and sign it." " The foregoing authorities" (8 Peter, 291; 28 Ind., 291,) say the court, "conclusively settle the doctrine that Judge Howland was authorized to exercise the same powers, and had the right to act on any case that remained undecided on the docket as fully as his predecessor could have done. If a Judge who has not heard the evidence can render judgment, grant a new trial, and sign the record of a judgment rendered by his predecessor, he surely can settle and sign a bill of exceptions. We entertain no doubt as to his *power* to

do so, and the only difficulty we see in the exercise of such power results from the want of correct knowledge as to what the testimony had been on the trial. When a Judge has exercised such power, we are bound to presume that he acted upon reliable information, for he is not required by the above quoted section of the code to sign a bill of exceptions, unless it is true." In the case of the Life and Fire Ins. Co. vs. Wilson's Heirs, 8 Peters, 291, it was held that " if a Judge of the District or Circuit Court die, his successor has power to grant a new trial. If he refuses a new trial from want of information as to the facts, he must sign the judgment, where the practice of the court requires his signature." Justice Westcott, in speaking of this case in Hay's Adm'r. vs. McNealy, says: " It will be noted that the letter of this statute, like the letter of the rule in this case, contemplated that the Judge rendering the judgment should sign it." In McKean vs. Boord, 60 Ind., 280, where prior to the expiration of the time given by a common pleas court for the filing of a bill of exceptions, and before it was signed, that court was abolished, and the jurisdiction thereof conferred on the Circuit Court, it was held that the Judge of the latter court alone could sign such bill. In Rankin Co. Savings Bank vs. Johnson, 56 Miss., 125, it was held that under the code of that State " a bill of exceptions must be signed by the regular Judge of the court although a special judge presided at the trial ; and a bill signed by the special judge is insufficient."

When an order has been made and entered in accordance with Rule 97 the act of settling a bill of exceptions becomes, in our opinion, a duty * * " to be performed in vacation or between term " within the meaning of section 4, chapter 327 ; and in so far as the question of *power* is concerned we think it is clear that the statute gives the Judge of another Circuit the same authority to act as to a bill of

exceptions as to any other matter. So far as the *power* to act is concerned, there is in view of the statute no argument against his acting, growing out of the nature of the functions to be performed, which does not hold equally good as against a successor to a Judge who has resigned. If a successor can satisfy himself as to the circumstances of the trial and the testimony as to which the bill is to speak, so can a Judge of another Circuit. The sources of information available to one can be made available to the other. The difficulty in the exercise of the power will generally result "from the want of correct knowledge as to what the testimony has been on the trial." What we decide here is the existence of the power. The Circuit Judge must be satisfied that the bill states the truth before signing it, and unless it does state the truth he should not sign it. We do not underestimate the delicacy or difficulties which may attend a performance of the duty or an exercise of the power. Judges who try cases experience such difficulties. People vs. Gary, 105 Ill., 264.

In Newton vs. Boodle, 54 Eng. C. L. Repts., 795, decided in 1847, it was held that "where a party has lost the benefit of a bill of exceptions tendered to the ruling of a Judge at *nisi prius*, or at the assizes, by the death of the Judge, and without any default on his own part, it is not competent to another Judge of the court out of which the record issues to seal the bill of exceptions; but in such a case the court will, where the circumstances warrant it, allow the party to move for a new trial, notwithstanding the proper time for so doing has elapsed." The ground of the decision as to the *bill of exceptions* is stated thus: "*The law having provided no remedy* for the case of the Chief-Justice dying without having sealed a bill of exceptions, we thought we had no power to restore the plaintiffs to their former position in this respect." We think that a succes-

sor to a deceased Judge can act as well as a successor to one who has resigned, and that we cannot follow the rule laid down in Newton vs. Boodle without ignoring both the decision in 16th Fla., and the statute of 1851 cited above.

II. But it is clear, as argued at the bar, that Rule 97 as to the order for further time has not been complied with. It calls for an order made in term and appearing on the minutes and is positive. No order appears on the minutes. The rule should be applied to and control cases falling within it till rescinded. Thompson vs. Hatch, 3 Pick.; 512; Wall vs. Wall, 2 H. & G., 79; Owens vs. Ranslead, 22 Ill., 161; 9th Oregon, 121.

Whether or not an entry *nunc pro tunc* can be made is a question with which the court below must deal first. Spencer vs. Fish, 43 Mich., 226; Freeman on Judgments. For the reason that no order appears on the minutes of the court the motion is granted.