SIMON J. TEMPLE, APPELLANT, vs. THE FLORIDA LAND AND IMMIGRATION COMPANY, APPELLEE.

1. An order allowing further time for making up and signing a bill of exceptions, must, under Rule 97 of the Circuit Court Rules, be entered in the record or minutes of all the proceedings of the court, which, under the statute (Sec. 6, p. 174, McC.'s Dig.) the Clerk is required to keep, and the Judge required to sign before the adjournment of the term. An entry upon the motion docket is not sufficient.

2. Where the transcript shows that a formal order has been made and signed by the Circuit Judge, but not entered in the minutes, the final hearing of the case upon its merits may be postponed a reasonable time to enable the appellant to have such order entered *nunc pro tunc* in the minutes and reinstated in the transcript.

3. Motion to strike the bill of exceptions granted without prejudice to an application by appellant for postponement of hearing under the second head note.

Appeal from the Circuit Court for Bradford county.

The Chief-Justice did not sit upon the motion in this case.

The facts of the case are stated in the opinion.

*C. P. & J. C. Cooper* for the motion.

*J. J. & S. Y. Finley, contra.*

MR. JUSTICE RANEY delivered the opinion of the court:

We understand the requirement of Circuit Court Common Law Rule 97, that a special order allowing further time to settle a bill of exceptions shall be entered on the " minutes," to be that it shall be formally entered upon the extended record made of each days' proceedings by the Clerk, which record is signed by the Judge upon the adjournment of the term. The statute, §6, page 174, McC.'s Digest, provides that the Clerks of the several courts of this State shall keep regular and fair minutes of all the proceedings of said courts which shall be signed by the Judge before the adjournment of the term. An entry upon the motion docket does not satisfy the rule ; the usual form of such an entry is by the Judge writing across the face of the motion the words " motion granted " or " motion denied," or some other abbreviated expression indicating the will of the Judge and from which the Clerk may make up the formal record or " minutes " of the court, but whether the entry on such docket be formal or not, we do not understand this docket to be the " minutes " referred to by the rule. Bowden vs. Wilson, 21 Fla., 165, 171. The statute, though it provides that a motion docket shall be kept for the entry of motions upon, does not contemplate that any orders shall be entered upon it or that it shall be the authoritative evidence of such orders. That part of the rule which says that the fact that such an order was made

shall be mentioned in the bill of exceptions or otherwise appear in the record, is distinct from the above. It means that in all cases there must be such a *prima facie* showing in the transcript brought here, that the order has been made.

The motion to strike the bill of exceptions from the record will be granted, but if the evidence furnished by the transcript of an order having been made is, as we are bound to assume, correct, there is no doubt that the minutes may be amended by an entry in them *nunc pro tunc* of such order, and we will postpone the hearing of this cause for a reasonable time to permit appellant to have such amendment made, and to move to reinstate the bill of exceptions in the record. The effect of an amendment *nunc pro tunc* is fully discussed in Adams, Administrator, vs. Higgins decided at this term.

It will be ordered accordingly.