S. B. W. STEPHENS ET AL., APPELLANTS, VS. MARY E. HALE, APPELLEE.

Where an order allowing time beyond the term of the court for settling a bill of exceptions has not been entered in the minutes as required by Circuit Court Law Rule 97, and it is apparent from the bill of exceptions that such an order was made and the bill settled within the time allowed, a motion to strike the bill from the transcript will be granted ordinarily, subject, however to the right of the party appellant to move to reinstate the bill on having procured within a reasonable time an amendment; but where it appears that a motion for a new trial has not been disposed of by the trial court, the motion to strike will be denied.

Appeal from the Circuit Court for Marion county.

Motion to strike out bill of exceptions.

*S. Y. Finley* and *Horatio Davis* for Motion.

*John G. Reardon, contra.*

RANEY, C. J.:

Appellee moves to strike the bill of exceptions from the transcript, the ground of the motion being: That the bill of exceptions was not made and signed during the term of the Circuit Court at which the trial was had, and no order extending the time for making

up and presenting the bill of exceptions was entered in the minutes of the court at such term.    The bill was not made up and signed during the term, and there is no pretense that the order has ever been entered in the minutes, either at such term, or subsequently *nunc pro tunc.*    C.  C.  C.  L.  Rule 97; Temple vs.  Florida Land & Im. Co., 23 Fla., 59, 1 South. Rep., 333.    It is apparent from the bill of exceptions that an order extending the time for settling the bill was made, and that the bill was actually made up and signed within the time allowed, and, but for circumstances to be noticed, we should, as in the case cited, grant the motion subject the right of the appellants to move to reinstate the bill on having procured, within a reasonable time, an amendment *nunc pro tunc* of the minutes, or record of the proceedings of the Circuit Court.  The circumstances referred to are, that the certified copy of the entries appearing in the minutes of the Circuit Court, which is presented by the movant in support of his motion and was served on appellants' counsel with the notice of such motion, and is not denied to be correct, not only shows by the absence of the order referred to that no such order has been entered on the minutes, but it also shows that the motion for a new trial has never been disposed of.  . If it was not disposed of, the case is not properly here on appeal, but remains in the trial court for a disposition of the motion, and the proper motion would be to dismiss the appeal.    It is apparent, however, from the bill of exceptions, which is endorsed by counsel for all parties as having been agreed upon, that such motion was in fact denied.    It seems then that both the appellee and the appellants are much interested in having the minutes of the court amended so as to speak the truth.    As the record stands, a motion to dismiss would be the only proper

motion for the appellee to make; however delaying its effect would be on the final disposition of the cause in this court in case either of amendments *nunc pro tunc,* or a subsequent disposition of the motion for a new trial (if the same was not in fact disposed of), and the bringing of the cause here again by proper appellate procedure.

The motion is denied.