ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, PLAINTIFF IN ERROR, v. CARRIE D. MALLARD, DEFENDANT IN ERROR.

1. Chapter 5403, Acts of 1905, the fourth section of which provides that: "this act shall take effect immediately upon its passage and approval," is not unconstitutional or void because it was never expressly approved by the governor. It became a valid law, without the express approval of governor, under the provisions of Section 28 of Article III. of the constitution. Under this provision of the constitution a statute properly enacted by the Legislature, unless expressly vetoed by the governor within the time limited by said provision, becomes as valid a law, without the governor's express approval, as though he had affirmatively approved it.

2. Where the judge of one judicial circuit, under and by virtue of an order of the governor, presides over a term or part of a term of the circuit court in a county within another judicial circuit, and while so presiding tries a cause there pending, which trial is concluded on the day of the final adjournment of such court, and before such adjournment grants an extension of time within which a motion for new trial in such cause can be made, under the provisions of Chapter 5403 Laws of 1905, such judge who so presided at the trial of such cause is fully authorized and empowered, within his own judicial circuit, and in vacation, to hear and determine such motion for new trial if presented to him within the time limited by such order of extension, notwithstanding the fact that at such time the time of his assignment to such other circuit as fixed by the governor's order has expired; and he is fully authorized and empowered, at the time and place of his ruling upon such motion for new trial, to make an order granting time within which to prepare and present a.

bill of exceptions in such cause, and to certify and sign such bill of exceptions within the time so granted.

Shackleford, C. J., and Cockrell, J. dissent.

This case was decided by the court en banc.

Writ of error to the circuit court for Alachua county.

### STATEMENT.

The defendant in error sued the plaintiff in error in an action for personal injuries, in the circuit court of the eighth judicial circuit for Alachua county. The case was tried at the fall term, 1906, and the verdict was rendered on the first day of December, 1906, the last day of the term of court. Hon. B. H. Palmer, judge of the third judicial circuit, presided over and acted as judge of the eighth circuit for that term of court in Alachua county in the place and stead of Hon. J. T. Wills, who was and is the judge in and for the eighth judicial circuit, upon the orders of the governor so to do. These orders, made by the governor under Section 8 of Article V of the constitution of 1885, are as follows:

"STATE OF FLORIDA,

EXECUTIVE DEPARTMENT,

Tallahassee, Fla., Oct. 22, 1906.

WHEREAS, It has been officially made known to me that the Honorable Bascom H. Palmer, judge of the third judicial circuit of Florida, is disqualified to sit in judgment on certain causes pending in the circuit court in and for the county of Suwannee, state of Florida, which causes are for trial at the fall term, A. D. 1906, of the said court, to be held in and for Suwanee county, Florida;

NOW, THEREFORE, Acting under the authority vested in the governor of the state of Florida by the constitution and laws of Florida, I do hereby order that Hon. Bascom H. Palmer, judge of the third judicial circuit of Florida, and Hon. James T. Wills, judge of the eighth judicial circuit of Florida, do exchange circuits for the period of two weeks, beginning from and including Monday, the 12th day of November, A. D. 1906, and ending Saturday, November 24th, A. D. 1906. The Hon. Bascom H. Palmer to preside and act as the judge of the eighth judicial circuit for the said period of time, and the Hon. James T. Wills to preside and act as judge of the third judicial circuit for the said period of time.

In testimony whereof I have hereunto set my hand and caused the great seal of the state to be affixed, at Tallahassee, the capital, this 22nd day of October, A. D. 1906.

[SEAL.]            N. B. BROWARD,
                          Governor of Florida.

By the Governor: Attest
[SEAL.]            H. CLAY CRAWFORD,
            Secretary of the State of Florida."

              "STATE OF FLORIDA,
                EXECUTIVE DEPARTMENT,
          Tallahassee, Fla., Oct. 27, 1906.

WHEREAS, It is officially made known to me that there exists a necessity for a change of circuits between Hon. Bascom H. Palmer, judge of the third judicial circuit of Florida, and Hon. James T. Wills, judge of the eighth judicial circuit of Florida, for the two weeks commencing Monday, November 26th, 1906;

NOW, THEREFORE, Acting under the authority vested in the governor of the state of Florida by the constitution and laws of said state,

I do hereby order the Hon. Bascom H. Palmer, judge of the third judicial circuit of Florida, and the Hon. James T. Wills, judge of the eighth judicial circuit of Florida, to exchange circuits for the period of two weeks, beginning from and including Monday, the 26th day of November, 1906, the Hon. Bascom H. Palmer to preside and act as judge of the eighth judicial circuit of Florida for the said period of time, and the Hon. James T. Wills to preside and act as judge of the third judicial circuit for the said period of time.

In testimony whereof I have hereunto set my hand and caused the great seal of the State to be affixed, at Tallahassee, the capital, this 27th day of October, A. D. 1906.

[SEAL.]          (Signed)          N. B. BROWARD,
                                             Governor of Florida.

By the Governor: Attest.

(Signed) H. CLAY CRAWFORD,
                        Secretary of the State of Florida."

On the 1st day of December, 1906, Judge Palmer, while presiding at the trial of this case and acting as judge of the eighth judicial circuit for Alachua county, under the order of the governor as aforesaid, made the following order in the instant case: "The jury in the above cause having rendered their verdict in favor of the plaintiff on this day, and the said defendant, through its attorneys, having thereupon in open court given notice of its intention to make a motion for a new trial, and it appearing that the testimony in said cause is voluminous, and that the same was taken down by a stenographer, who has not yet transcribed her notes, and that the same cannot well be transcribed within the time that this court may remain in session at the present term, and that the hear-

ing of said motion is the only business of the court remaining undisposed of at the present term, it is therefore ordered, under the provisions of Chapter 5403, Laws of Forida, that the time for making and presentation of said motion be, and the same is hereby, extended to and so as to include the 15th day of December, A. D. 1906, this order being necessary by reason of the facts above stated, and for the further reason that the court will adjourn for the term on this date.

Done and ordered in open court on this 1st day of December, A. D. 1906."

Thereupon the said term of the court was adjourned; and on the 15th day of December, in pursuance of the order of Judge Palmer of the 1st day of December, 1906, the defendant below, the plaintiff in error here, called up the motion for a new trial, and presented same for a hearing before Judge Palmer, at Lake City, Florida, within the third judicial circuit. In accepting notice of the presentation of the motion for new trial to Judge Palmer, counsel for defendant in error stated that he did so "not waiving, but reserving and insisting upon the right to object to all procedure outlined or contemplated therein or thereby." To the hearing and consideration of said motion for new trial, by Judge Palmer, the defendant in error filed the following protest: "In the matter of the presentation of a motion for a new trial sought to be had herein, under and in pursuance of notice of and for such presentation filed herein, comes now the plaintiff and objects to the presentation of such motion, on the following grounds, to wit:

1. The Hon. Bascom H. Palmer, judge of the third judicial circuit, is without authority to hear and determine this motion or to make any order in this cause pend-

ing in Alachua county, Florida, in the eighth judicial circuit, while out of and beyond the territorial limits of said eighth judicial circuit, to wit: at Lake City, Florida, in the third judicial circuit.

2. The Hon. Bascom H. Palmer, judge of the third judicial circuit of Florida, was, by orders of the governor of this state, authorized and directed to exchange circuits with the Hon. J. T. Wills, judge of the eighth judicial circuit, and the time of said exchange had ceased and determined, as shown by certified copies of said orders here exhibited to the court and made parts of this objection, and the said judge of the third circuit has no other and further jurisdiction to hear, consider or determine this motion, or to make any order in this cause, pending in the eighth circuit as aforesaid." Thereupon Judge Palmer made an order overruling these objections, and on the same day, the 15th day of December, 1906, denied and overruled the motion for a new trial in the following order: "The motion for new trial came on to be heard, and was argued by counsel, and upon consideration thereof it is ordered and adjudged that said motion be denied and defendant allowed ninety days in which to prepare and have settled and signed his bill of exceptions. To which ruling defendant excepted, and exceptions note. Done and ordered in vacation, the 15th day of Dec., 1906."

The bill of exceptions, containing the following statement, was signed by Judge Palmer on the 26th day of January, 1907: "And inasmuch as the said several matters objected to or insisted upon and considered by the court do not appear by the record, the said defendant did, on the 26th day of January, A. D. 1907, after the expiration of said term, by virtue of a special order

herein made, propose this, its bill of exceptions, to said rulings of said judge and request him to sign the same, which, after due notice to the opposite party, or her attorney, is done this 26th day of January, A. D. 1907. I do hereby certify that the foregoing bill of exceptions contains all the evidence introduced at the trial in the above stated cause.

B. H. PALMER,
Judge of the Third Judicial Circuit, presiding in said trial by order of the Governor, instead of the Judge of the Eighth Judicial Circuit."

Thereupon the plaintiff sued out a writ of error returnable to the present term of this court.

On the 25th day of February, 1907, the defendant in error filed in this court a motion to strike the bill of exceptions herein, upon the following grounds:

"1st. Because the bill of exceptions was signed in vacation, without an order made within the term of the court granting time for, and authorizing the signing, and settling of, the bill of exceptions after the expiration of the term of court.

2nd. Because the bill of exceptions was not lawfully signed and settled by the circuit judge, in accordance with the statutes and rules of practice in such cases.

3rd. Because Hon. B. H. Palmer, judge of the third judicial circuit of Florida, was not authorized by the statutes to hear and determine, or to make any order ruling upon, the motion for new trial in said cause, out of and beyond the territorial limits of the eighth judicial circuit of the state of Florida.

4th. The order made by Hon. B. H. Palmer, judge of the third judicial circuit, on December 15th, 1906, out of the eighth circuit, and within the third circuit, and after

the expiration of his term of transfer, authorizing the signing and settling of the bill of exceptions, was invalid and without authority of law.

5th. The signing and settling of the bill of exceptions on the 26th day of January, 1907, by Hon. B. H. Palmer, judge of the circuit court of the third judicial circuit of Florida, was unauthorized and invalid, and said bill of exceptions, therefore, has no verity of validity, and is not properly a record of this cause."

*W. W. Hampton* and *A. H. King,* for motion;

*R. A. Burford* and *Carter & Layton,* contra.

PARKHILL, J. (*after stating the facts*) : It is contended by counsel for defendant in error that, in accordance with the provisions of Section 1180 of the Revised Statutes of 1892, which is Section 1608 of the General Statutes of 1906, motions for new trials are required to be made in term time, and within four days after the verdict shall have been rendered; and that Chapter 5403, Laws of 1905, providing for an extension of the time for the making and presentation of such motions beyond that time never became a law, because Section 4 thereof provides that it. "shall take effect immediately upon its passage and approval," and that it never was approved by the governor.

Chapter 5403, Acts of 1905, is as follows:

"AN ACT Relating to Motions for New Trials in Civil Cases.

*Be it Enacted by the Legislature of the State of Florida:*

Section 1. Motions for new trials in civil cases shall be made within four days after the rendition of the verdict,

and ·during the same term, but the judge, upon cause shown, may, within such four days and during the same term, by order, extend the time for the making and presentation of such motions, not to exceed fifteen days from the rendition of the verdict. In all cases of extension of the time for making such motions, a copy of the motion to be presented to the judge shall be served on the opposite party, or his attorney, with three days' notice of the time and place that the same will be presented and heard.

It shall not be necessary to incorporate in any motion for a new trial any matter *in pais* previously excepted to, for the purpose of having the same reviewed by an apellate court.

Sec. 2. The judge shall have the power to hear and determine any motion for new trial in vacation, and any such adjudication thereof in vacation shall be entered in the minutes of the court and shall have the like force and effect as if made during term time.

Sec. 3. The provisions of this act shall not apply to criminal causes.

Sec. 4. All laws or parts of laws in conflict with the provisions of this act are hereby repealed, and this act shall take effect immediately upon its passage and approval.

Became a law without the approval of the governor."

I am of opinion that this chapter became a law under the provisions of Section 28 of Article III of the Constitution of 1885 as follows: "If any bill shall not be returned within five days after it shall have been presented to the governor (Sunday excepted) the same shall be a law, in like manner as if he had signed it." There is no division of the court upon this question.

The vital question in this case is, Did Judge Palmer, judge of and in the third judicial circuit, have power, under the constitution and laws, to act upon a motion for a new trial in a cause which had theretofore been tried and was pending in the circuit court for Alachua county, a part of the eighth judicial circuit? The answer to this question involves the jurisdiction and judicial power of Judge Palmer.

Article 5, Section 1, Constitution of 1885, provides: "The judicial power of the state shall be vested in a supreme *court,* circuit *courts"* and other courts named therein.

Section 8 of the same article, as amended in 1901, provides: "There shall be eight circuit judges, who shall be appointed by the governor," &c. "The state shall be divided by the legislature * * * into eight judicial circuits, and *one* judge shall be assigned to *each circuit. Such judge shall hold* at least two terms of his court in each county within his circuit every year." &c.

"This section shall not be operative until the legislature shall have divided this State into eight circuits, as hereinbefore provided for, and the seven circuit judges holding office at the time of such division shall *continue to exercise jurisdiction over their* several existing circuits, as constituted at the time of such division, until the judge of the additional circuit shall have qualified. The circuit judges holding office at the time of such division shall severally continue in office until the expiration of their then existing term of office *as judges of the circuits, respectively, in which* * * * *the county* of his residence may be included, and a judge *for the additional circuit* shall be appointed for a term equal to the unex-

bired term of the other circuit judges, upon such division being made."

Section 8, Article 5, of the constitution provides: "The governor may, in his discretion, order a *temporary* exchange of circuits by the respective judges, or order any judge to hold one or more terms, or parts of any term, in any other circuit than that to which he is assigned. The judge shall reside in the circuit of which he is judge."

Section 19, Article V, of the constitution provides: "When any civil case at law in which the judge is disqualified shall be called for trial in any circuit or county court the parties may agree upon an attorney at law, who shall be judge *ad litem*, and shall preside over the trial of and make orders in said cause as if he were judge of the court. The parties may, however, transfer the cause to another circuit or county court, as the case may be, or may have the case submitted to a referee."

Section 11, Article V, of the constitution is as follows: "The circuit courts and circuit judges may have such extra territorial jurisdiction in chancery cases as may be prescribed by law."

From the foregoing provisions, I am of the opinion that a circuit judge is appointed to be judge of a certain circuit, definitely designated by number, in which he resides, and the counties included therein are designated and named by statute, and the constitution limits his judicial power to the territory of his circuit; except in those exceptional instances or cases provided for in the constitution, or by statutes which are not in conflict with the constitution. One of the exceptions to this constitutional territorial limit of the judge's judicial power, a grant of extra territorial jurisdiction, is the provision of the constitution authorizing the governor to order a

temporary exchange of circuits by the respective judges of the circuit courts, or to order one judge to hold a term, or parts of a term, in any other circuit than that to which he is assigned or of which he is judge. It is clear, therefore, that for the period during which Judge Palmer held court in Alachua county, in the eighth judicial circuit, outside of his own third judicial circuit, in the place of Judge Wills, judge of the eighth circuit, in pursuance of the order of the governor, Judge Palmer exercised all the judicial power of the judge of the eighth judicial circuit. It is clear that when Judge Palmer was assigned to hold a part of the term of the court in Alachua county, under Section 8, Article V, of the constitution, he became *pro hac vice* judge of the circuit court for Alachua county, and during that time the powers of the regular judge, Wills, were superseded entirely in that county. Clark v. Rugg, 20 Fla. 861.

It is equally true, in my opinon, that at the expiration of the two weeks when he was ordered by the governor to hold court in Alachua county Judge Palmer ceased to have power to act as judge of the eighth judicial circuit, and Judge Wills, and only Judge Wills, possessed the judicial power as judge of the eighth circuit. It is clear, in my opinion, that if the validity of Judge Palmer's action upon the motion for a new trial in this case rests upon his power to act as judge of the eighth circuit under the order of the governor, the action of Judge Palmer in that matter was without authority, and that the order denying the motion for new trial and extending the time for presenting the bill of exceptions, and his signature of same, were all null and void, and the motion to strike the bill of exceptions should be granted.

Another constitutional grant of extra territorial juris-

diction to the circuit judges is found in the provisions of Section 19, Article V, of the constitution, and Section 1077, Revised Statutes of 1892, passed in accordance therewith, which give the parties a right to transfer the cause to another circuit, because of the disqualification of the judge of the circuit where the cause stands for trial.

Section 1077 of the Revised Statutes of 1892 is as follows: "Whenever any civil cause may be pending in any of the courts of this State, and it cannot be heard, tried or determined by reason of the disqualification of the judge of such court, the parties, if it be at common law in the circuit court or county court, and either party in all other cases, may present a petition to such judge praying that said cause be transferred to some other circuit court, county court, county judge's court, or justice of the peace, as the case may be, and it shall be the duty of the judge so disqualified to make an order removing said cause to some court in the next nearest circuit, if the same be in the circuit court, or county in a county court or county judge's court, or district if in a justice court; but if the judge in the nearest circuit, county or district be also disqualified, some other circuit, county or district shall be selected for that purpose." This court in construing this section has held that a transfer in ˄ccordance therewith can only be had upon request of both parties, plaintiff and defendant (State ex rel. Hughes v. Walker, 25 Fla. 561, 6 South. Rep. 169); that this statute must· be strictly observed, and everything necessary to transfer jurisdiction under the statute must appear in the record of the cause (Swepson v. Call, 13 Fla. 337); the order of transfer must direct the transfer of the cause and name the county to which the cause is transferred (Bauknight v. Sloan, 17 Fla. 281);

the order of transfer must show reasons for making it (Smith v. Gibson, 14 Fla. 263).

If the validity of the action of Judge Palmer in ruling upon the motion for new trial, and in making an order extending the time for presenting a bill of exceptions, and in signing the same, depends upon Article 5, Section 19, of the constitution, and upon Section 1077 of the Revised Statutes of 1892, then, in my opinion, said action of Judge Palmer is null and void, and the motion herein being considered should be granted; for these provisions of the constitution and statutes were not complied with, and this cause was not legally transferred to the third judicial circuit, of which Judge Palmer was the judge. But the validity of the action of Judge Palmer does not depend upon the provisions of Article V, Section 19, of the constitution and upon Section 1077, Revised Statutes of 1892. This cause was not *transferred* to Judge Palmer; and in ruling and acting upon this motion for new trial, and in making the orders in connection therewith, he exercised no extra-territorial jurisdiction, as I will proceed to show. The action of Judge Palmer in ruling upon the motion for new trial, and making the orders herein, was authorized by the provisions of Section 1078 of the Revised Statutes of 1892, which is as follows: "1078. Substitution of Other.—Whenever the judge of any court, other than the supreme and criminal courts of record, shall be *unable,* from absence, sickness or *other cause,* or shall be disqualified, from interest or any other cause, to discharge any duty whatever appertaining to his office, which may be required to be performed in vacation or between terms, it shall be the duty of any other judge of a court of the same jurisdiction as the court in which the cause is pending, on the application

of any party, to perform such duties, and hear and determine all such matters as may be submitted to him, and such judge may discharge such duties, either in his own or any other jurisdiction, and shall be substituted in all respects in the place and stead, in the matter aforesaid, of the judge unable or disqualified to act." This statute has been construed by this court and declared to be constitutional. Swepson v. Call, 13 Fla. 337; State ex rel. Flordia Pub. Co. v. Hocker, 35 Fla. 19, 16 South. Rep. 614. It is unnecessary to repeat here all the reasons given by this court in those cases for holding this statute to be valid and constitutional. Suffice it to say, this court held that section 1078 did not confer extra territorial jurisdiction upon the circuit judges, and that the determination in vacation by Judge Hocker in his (the fifth judicial circuit) of a demurrer in a cause pending in, and coming before him from, the fourth judicial circuit, was not the exercise of extra territorial jurisdiction; that section 19 of the constitution and section 1077 of the Revised Statutes had reference to the *transfer* of causes for *trial* and *matters* naturally coming up in *term time;* but that there was no prohibition in the constitution of the power of the legislature to enact Section 1078 of the Revised Statutes of 1892, which gives an additional remedy to those expressly provided in the constitution for an expeditious disposition of matters which can be disposed of in vacation or between terms. So the only question remaining to be decided is, whether section 1078 has been complied with when the motion for a new trial was presented to Judge Palmer, and whether the reasons or the causes prescribed in that section existed to authorize the defendant to present his motion for new trial to

34—S C

Judge Palmer, so as to require or authorize Judge Palmer to act thereon. Let us see. Turning to Section 1078, it will be seen that the rights of the defendant, and the power of Judge Palmer to act thereunder, do not depend upon the contingency of the *disqualification* of Judge Wills. The section declares that whenever the judge of any other court, other than the supreme or criminal court of record, shall be *unable*, from absence, sickness *or other cause,*" &c., it shall be the duty of any other judge to act, &c. Was Judge Wills unable to act on the motion for new trial? Does the record in this case show the reason why Judge Wills was unable to discharge the duty of acting on this motion for new trial? Was the determination of this motion for new trial an act which may be performed in vacation or between terms? In order to sustain the power of Judge Palmer to act on this motion for new trial and to make the other orders, these questions must be answered in the affirmative.

It will first be well to note that this motion for new trial may be presented to Judge Palmer, under section 1078, by the defendant, without the concurrence therein of the other party—consideration of this motion by Judge Palmer does not depend upon the request of both parties, as would be the case under Section 1077, Revised Statutes of 1892. Section 1078 provides that "it shall be the duty of any other judge * * * on application of *any party,* to perform such duties," &c. It will be profitable to note, also, that this section 1078 does not require the making of an order by Judge Wills for the presentation of the motion for new trial to Judge Palmer, as is required in the case of a transfer of a cause under section 1077. Then let us see whether it appears in the record that Judge Wills was unable to act on this motion for

new trial. It appears in the record, over the signature of Judge Palmer, that upon the rendition of the verdict by the jury the defendant, through its attorneys, gave notice in open court of its intention to make a motion for a new trial; that the testimony in the cause was so voluminous that the same could not be transcribed and considered within the time the court would remain in session at that term of court, and it was thereupon ordered by the court, "under the provisions of Chapter 5403, Laws of Florida, that the time for the making and presentation of said motion be, and the same is hereby, extended to and so as to include the 15th day of December, A. D. 1906." One of the grounds of this motion for new trial is: "Because the verdict is contrary to the evidence, against the weight of the evidence, and without sufficient evidence to support it." Counsel for plaintiff in error claim that Judge Wills was unable to act upon this motion for new trial because he did not preside at the trial of the cause and hear the testimony of the witnesses; that no judge can in any case hear a motion for a new trial, where one of the grounds is that the verdict is against the evidence, except the judge who presided at the trial, and who saw the witnesses, heard them testify, knew what their words were, and their conduct, demeanor and appearance while they were testifying in the case. I cannot do better than quote here, with my approval, the conclusions reached by the supreme court of Kansas upon this point, and expressed in the case of Bass v. Swingley, 42 Kan. 729, text 732, 22 Pac. Rep. 714. The court said: "There are some grounds for such a claim, for under our laws and practice a jury can never in any case determine finally and conclusively what the facts of the case are, for in every case a motion for a new

trial challenging the sufficiency of the verdict upon the evidence may be filed, and upon such motion the court is required to re-examine and re-determine all the facts as shown by the evidence. In such a case the judge does not merely register and enforce the verdict of the jury, but it is his duty to intelligently determine whether the verdict is sustained by sufficient evidence or not; and of course he cannot do this unless he presided at the trial, and knew what the evidence was.  *  *  *  In other words, the verdict of the jury is not sufficient of itself and alone to authorize a judgment. It also requires the decision of the court upon it and upon the evidence." The same court quotes, with approval, from Atyeo v. Kelsey, 13 Kan. 212, as follows: "While the question is before the jury they are the sole and exclusive judges of all questions of fact; but when the matter comes before the court upon a motion for a new trial, it then becomes the duty of the court to determine for itself whether the verdict is sustained by sufficient evidence or not." And then the court proceeds to say: "There is no legal mode of preserving the evidence introduced on the trial of a case except by the intelligent action of the judge who tried the case, and this by a bill of exceptions or by a case made for the supreme court.  *  *  *  It is true, a judge in trying a case might take notes of the evidence introduced on the trial, but these notes would not be legal or sufficient evidence to another judge. It is also true that the counsel in the case might take notes, but neither would these notes be competent evidence. It is also true that an official stenographer might be appointed for the district, and that such stenographer might take notes of the evidence, but his notes could not be evidence to another judge, nor any

part of the record in the case until after they had been submitted to the judge that tried the case and approved by him, and embodied in either a bill of exceptions or a case made for the supreme court.   But even if the evidence should be preserved, so far as it could be preserved in any one of the foregoing methods, it would not in fact be all the evidence introduced in the case.   It would be only so much of the evidence as could be reduced to writing, the mere words of the witnesses, and not their appearance, nor their conduct, nor the manner in which they testified; and these last mentioned things are often of vastly more importance and more convincing in the determination of the real facts of a case than any mere words could be.   See the numerous cases decided by this court affirming judgments of the trial courts rendered upon seemingly erroneous verdicts—the affirmance being placed upon the ground that the judges of the trial courts who saw the witnesses and heard their testimony, and who for that reason could know, better than the judges of the supreme court, what the evidence proved and what it disproved, had approved the verdict."   And in this connection, in the case of Lamps v. State, 51 Fla. 51, 40 South. Rep. 180, this court said: "We know, too, that the court and jury had the advantage of hearing the spoken testimony of the witnesses and of observing with the *eye* the *demeanor* and *conduct* of the witnesses while testifying, and of seeing and knowing much that would aid them in arriving at the truth, which we cannot gather from the pages of a written record while we sit here within these quiet walls, far removed from the stirring scenes enacted in the court room.   *   *   *   We cannot disturb the verdict of this jury, or overrule the action of this judge, on the testimony as we read it."   I could cite

many other cases to the same effect decided by this court.
I am of the opinion that the ruling of a judge who did
not try the case upon a motion for a new trial would be
solely perfunctory, as he could not intelligently know
whether the verdict was against the evidence or against
the weight of the evidence.    The witnesses might be
equally divided in number, and a judge a stranger to the
case would not know, from the written words, on which
side lay the weight of the testimony; but the judge who
tried the case could very correctly know, from the appear-
ance of the witnesses, their age, their apparent intelli-
gence or ignorance, their candor or want of candor, their
hesitation, the tell-tale facial expression, the gestures
and tone of voice of the witnesses, the looks and glances
which sometimes pass between counsel and witness like
wireless messages—all these things and many others
which could be mentioned, and which record the truth or
falsity of the testimony with photographic accuracy upon
the mind of the trial judge, are entirely lost upon the
judge who only reads the questions and answers written
upon the cold pages of the record.    Besides this, many
times in the trial of a case witnesses draw diagrams in
the sawdust on the floor of the court room and designate
thereon the position of parties and objects involved in
the issue of the case; and sometimes maps are used on
the trial of a case, to which witnesses refer and point out
thereon the relative position of parties, other witnesses
and objects, about which cluster the salient and deciding
features of the case, and witnesses sometimes are asked
to point out, by objects in the courtroom, how far the
witness was from the scene of a railroad wreck, or of a
homicide, and are asked to indicate, by slapping the hands
together, how near together pistol shots sounded, and all

this becomes a vivid and lasting picture to the trial judge; but the only knowlege the judge who only reads the written words of the testimony has of all this evidence is a note made by the stenographer to the effect that the witness "indicates," or "indicating." And so, in this case, the bill of exceptions shows that maps of the railroad and of the scene of the accident were introduced in evidence and used by witnesses in giving their testimony. I am clearly of the opinion that Judge Wills, not hearing the evidence, could not intelligently pass upon the motion for a new trial in this case, and therefore he was unable to perform this duty, and that this was a duty which he was unable to perform as contemplated and provided for by section 1078, and that this fact sufficiently appears in the record. There is no doubt that hearing and determining the motion for new trial was a matter which might be disposed of in vacation. Section 2, Chapter 5403, provides in terms that "the judge shall have power to hear and determine any motion for new trial in vacation," &c. See also McGee v. Ancrum, 33 Fla. 499, 15 South. Rep. 231. Judge Palmer, therefore, was authorized and empowered to hear and determine the motion for new trial herein.

The next contention made by the movant herein is that the bill of exceptions was signed in vacation, without an order made within the term of the court granting time for and authorizing the signing and settling of the bill of exceptions after the expiration of the term of court.

It will be remembered that, within the term of the court and on the same day the verdict was rendered in this case, the defendant gave notice of the motion for a new trial; but the judge, upon cause shown as we have seen, within four days after the rendition of the verdict and

during the same term, by order, extended the time for the making and presentation of the motion for new trial, not to exceed fifteen days from the rendition of the verdict, in accordance with the provisions of Chapter 5403, Acts of 1905.  Upon the day within the time allowed defendant to make and present its motion for new trial the motion for new trial was duly presented, which motion set forth the following as one of the grounds for a new trial: "Because, if the said motion for new trial should not be granted, and there should not be any authority in the court to make an order after term time for settling bill of exceptions, the defendant would, without laches or fault upon its part, be without remedy."

The motion for new trial was overruled, the defendants were allowed ninety days in which to prepare and have settled and signed its bill of exceptions, and the bill of exceptions was prepared, presented and signed by the judge within the ninety days allowed therefor.

The eighth rule of practice of the circuit courts requires that "bills of exception shall be made up and signed during the term of the court at which the verdict is rendered, or trial had, unless, by special order, further time is allowed."   Section 2 of Chapter 5403, Acts of 1905, provides that "the judge shall have the power to hear and determine any motion for new trial in vacation, and any such adjudication thereof in vacation shall be entered in the minutes of the court, and shall have the like force and effect as if made during term time."

In the case of Greeley v. Percival, 21 Fla. 428, the first head-note is as follows: "Where there is a verdict and motion for a new trial, and a denial of the motion, and subsequently at the same term there is a vacation of the order refusing a new trial, and a continuance of the

motion, and a supersedeas granted, and at the succeeding
term of the court the motion for a new trial is refused and
a final judgment entered on the verdict, the latter term is
'the term of the court at which the verdict is rendered, or
trial had,' within the meaning of rule 97 of circuit court
rules, prescribing the term when a bill of exceptions shall
be made up and signed, or a special order for further
time allowed. Such also would be the law had such judg-
ment been in fact entered at the former term." In the
body of the opinion the court quotes with approval from
People v. Gary, 105 Ill. 270, as follows: "It would be a
useless labor for a party to prepare a bill of exceptions
before a motion for a new trial had been passed upon, as
it could not be known whether the bill would be needed
until the final decree of the court on the motion. Here
petitioner did not present a bill of exceptions at the time
the motion for a new trial was overruled, but he procured
an order extending the time, and in the time prescribed
by the court a bill of exceptions was prepared and pre-
sented to the judge for his signature. This was, in our
opinion, apt time." In the case of Stockton v. Morey, 14
Colo. 317, 23 Pac. Rep. 343, the head-note is: "Where a
trial is had to the court, and its findings announced, an
undetermined motion for a new trial operates to reserve
the case and continue the jurisdiction beyond the term
for the purpose of disposing of the motion and settling a
bill of exceptions;" and the court, in its opinion, said:
"Had the motion for a new trial been sustained, appel-
lant would have had no occasion for this bill of excep-
tions, and to say that he must put his client to the ex-
pense and himself to the labor of preparing a bill that
might never be used would, in our judgment, accomplish
no good purpose. And to require him, pending a decision

upon such motion, to petition the court for an order extending the time in which to present such a bill would be unreasonable. In Gomer v. Chaffe, 5 Colo. 383, the provision of our code requiring that the motion for a new trial and the decision thereon shall be made and had at the same term the findings were made, or the verdict rendered, has been declared by this court to be directory merely, so far as the action of the court is required to be performed within a specified time. This decision recognizes the power of the court to continue the motion to a subsequent term for determination." See also Kendel v. Judah, 63 Ind. 291; Denny v. Faulkner, 22 Kan. 89; Harper v. Harper, 10 Bush. (Ky.) 447; City of Covington v. Jack, 5 Ky. Law. 315; Coleman v. Edwards, 5 Ohio St. 51; Internal Bldg. & Loan Ass'n v. Hardy (Tex. Civ. App.), 26 E. W. Rep. 523.

Section 2, Chapter 5403, of our statute of 1905 expressly authorizes the judge to continue the motion for new trial to a time in vacation, and to act upon and determine the same, "and any adjudication of same shall have like force and effect as if made during term time;" and in McGee v. Ancrum, *supra*, this court held that on the hearing of a motion for new trial the judge is holding a term of court as to that case. I conclude, therefore, that Judge Palmer had the power not only to hear and determine the motion for new trial when he did, but also that he had the power to make the order extending the time for preparing and presenting the bill of exceptions therein.

The last question raised by the motion to strike, and remaining for our decision, is the contention that "the signing and settling of the bill of exceptions herein by Judge Palmer was unauthorized and invalid." The argu-

ment is made that because Judge Palmer had ceased to
act as judge of the eighth circuit, and at the time he
signed the bill of exceptions he was within the territorial
of the third circuit, he had no power or authority
to sign the bill of exceptions, but that Judge Wills
was the authorized judge to sign the bill
to sign the bill of exceptions. I think I have shown that
in ruling upon the motion for new trial Judge Palmer
was not exercising extra territorial jurisdiction, and for
the same reason when Judge Palmer signed the bill of
exceptions he did not exercise extra territorial jurisdic-
tion. Indeed, I do not believe that the signing of a bill
of exceptions is a judicial act at all. The statute author-
izes any three persons to certify to a bill of exceptions
under certain circumstances. Be that as it may, this
court, in the case of Bowden v. Wilson, 21 Fla. 165, has
decided that "when an order has been made and entered
in accordance with rule 97 the act of settling a bill of
exceptions becomes, in our opinion, a duty 'to be per-
formed in vacation or between term,' within the meaning
of Section 4, Chapter 327; and in so far as the question
of *power* is concerned, we think it is clear that the stat-
ute gives the judge of another circuit the same authority
to act as to a bill of exceptions as to any other matter.
So far as the *power* to act is concerned, there is, in view
of the statute, no argument against his acting, growing
out of the nature of the functions to be performed, which
does not hold equally good as against a successor to a
judge who has resigned. If a successor can satisfy him-
self as to the circumstances of the trial and the testimony
as to which the bill is to speak, so can a judge of another
circuit. The sources of information available to one can
be made available to another. The difficulty in the

exercise of the power will generally result 'from the want of correct knowledge as to what the testimony has been on the trial.' What we decide here is the existence of the *power*. The circuit judge must be satisfied that the bill states the truth, before signing it, and unless it does speak the truth he should not sign it. *We do not underestimate the delicacy or difficulties which may attend a performance of the duty or an exercise of the power. Judges who try cases experience such difficulties."* Though Judge Palmer was judge of the third circuit, and the case was tried in the eighth circuit, he presided at the trial of the case, and could have no difficulty in performing the duty of signing the bill of exceptions. What the court said in the last sentence of the preceding quotation will apply with full force to an undertaking on the part of Judge Wills, or any other judge who did not try the case, to act upon a motion for new trial or to sign the bill of exceptions. In Hays' Adm'r. v. McNealy, 16 Fla. 406, this court held that "the rule requiring that the judge presiding at the trial shall settle the case, or exceptions, does not control where at the time the case is to be settled such judge has resigned." They place the decision that a successor in office to the judge who tried the case should sign the bill of exceptions upon the ground that "public duties upon which depend private rights do not pass away with the official existence of the judge resigning, and the duty of settling a case, or exceptions, devolves upon his successor." The claim is made, in the instant case, that Judge Wills was the successor to Judge Palmer and was the proper judge to sign the bill of exceptions. The court, in Bowden v. Wilson, *supra,* put their decision upon the ground of necessity or expediency. No such necessity exists in the instant case. Judge

Palmer is not dead. He has not resigned. He presided at the trial of the case. He had power to hear the motion for new trial. He ruled on that motion, in the exercise, as we have seen, of full judicial power.

In 3 Ency. Pl. & Pr. 452, 455, it is said: "Ordinarily the bill must be authenticated by the signature of the judge to whose rulings the exceptions were taken * * * where court is held by more than one judge, the presiding judge is the proper person to sign the bill. * * * Where the special judge holds the trial, he alone is authorized to sign the bill of exceptions." In Indiana it was held that where a special judge, acting under appointment from the duly elected judge, grants leave to file a bill of exceptions, and fixes a time within which it shall be filed, he may properly sign it after his term expires." Shugart v. Miles, 125 Ind. 445, 25 N. E. Rep. 551. In Maryland, in State v. Weiskittle, 61 Md. 48, the court says: "In this case it is not admissible for another judge to pass upon the correctness of his predecessor's ruling in such case." The ground of this ruling is stated in note on page 455, 3 Ency. Pl. & Pr., to be, that the settlement and allowance can only be made by the judicial official who is personally cognizant of the proceedings, and can testify from his personal knowledge to the accuracy of the bill, and that the exceptant should not lose the benefit of his exceptions because of an event which he could in no wise prevent." But this question is not an open one in this State. The first head-note in the case of Bacon v. State, 22 Fla. 46, is as follows: "When a judge of one circuit holds a term of court in another circuit, and during the term an order is entered upon the minutes allowing time after the adjournment for settling a bill of exceptions in a case tried by him, he is

authorized to settle a bill after the adjournment of the term and within the time allowed by the order." Remembering that Judge Palmer, the judge of one circuit, held a term of court in another circuit, and during that term made an order extending the time within which a motion for new trial could be made, and within that time heard the motion and determined it, and denied the motion, and at the same time made an order extending the time within which a bill of exceptions could be prepared and presented, all of which he had a right to do, then, according to the holding in Bacon v. State, "he is authorized to settle a bill after the adjournment of the term and within the time allowed by the order." I have not thought it necessary to place my conclusions in this matter upon a construction of the second section of Chapter 5403, Acts of 1905. It will be well, however, to call attention to this provision of that act: "and any adjudication thereof" (motion for new trial) "in vacation * * * shall have the like force and effect as if made during term time." The adjudication of the motion for new trial included the making of an order extending the time within which a bill of exceptions could be prepared, and presented and signed by the judge. If the word "adjudication," used in section 3, includes an order necessary and incidental to the denial or granting of a motion for a new trial, as I think it does, then that order, covered by the adjudication of the motion for new trial, has "the like force and effect as if made during term time." I will close what I have to say with a quotation from Bacon v. State, *supra*: "The law in relation to bills of exception has, in the absence of laches, received a liberal construction in order to save the rights of parties and prevent a failure of justice. It is obvious, from the nature of the

business, the judge who tried the case is the one who should settle the bill. The practice in Wisconsin is that even after he has retired from office he may do it. This, however, is exceptional. This court has recognized a bill settled by Judge Vann, of the third circuit, in a case tried by him while holding a special term in the fifth circuit, though he settled it in the third circuit, after the adjournment of the special term, an order allowing additional time having been made by him in term. Williams v. State, 20 Fla. 391. It is true, however, that no objection was made to the bill and there was no adjudication of the point. The duty of noting exceptions and settling the bill is one which belongs peculiarly to the judge who tried the cause. Though we have ruled that when the judge's term of office has expired his successor may act (16 Fla. 406), and that, where the regular judge of a circuit, having tried a case, has become disabled by sickness to act, that a judge of another circuit has, under chapter 373 of our statutes, the power to do so (21 Fla. 165), we do not think these decisions preclude us from holding that Judge Foster's action in the premises is not *coram non judice.*"

. In that case, Judge Foster acted just as Judge Palmer has done in signing the bill of exceptions.

The motion to strike the bill of exceptions herein should be denied.

---

Hocker, J.: The facts of this case are given in the opinion of Justice Parkhill.

I am of opinion that the motion to strike the bill of exceptions should be denied for the following reasons:

1st. Under Section 1, Article V, of the Constitution of

1885, "The judicial power of the state shall be vested in a supreme court, circuit courts, criminal courts, county courts, county judges and justices of the peace." The word *court* as used in the constitution is of broad meaning, and as applied to the circuit courts, means that a circuit judge is under *certain circumstances a court;* for if he were not *a court* he could not exercise judicial power under the constitution (11 Cyc. 655, and notes), and it would logically follow that numerous decisions of this court, among them McGee v. Ancrum, 33 Fla. 499, 15 South. Rep. 231; State *ex rel.* Florida Pub. Co. v. Hocker, 35 Fla. 19, 16 South. Rep. 614; Simonton v. State *ex rel.* Turman, 44 Fla. 289, 31 South. Rep. 821, would be erroneous, and numerous statutes which have been regarded as constitutional would not be constitutional, among them Sections 973 and 1078, Revised Statutes of 1892. Under these statutes *the judge* as a *judge* exercises judicial power. These statutes were in existence when the constitution of 1885 was adopted, and there is no attempt to repeal or modify them. State v. Johnson, 13 Fla. 33, text 42. See also Carper v. Cook, 39 W. Va. 346-348; Porter v. Flick, 60 Nebraska 773; 3 Ind. 239-245; 8 A. & E. En. Law (2nd ed.) 22.

2nd. The judicial powers of a circuit judge are not limited in their exercise by the constitution to his circuit, or to cases arising in his circuit. He is simply required to reside in his circuit and hold certain terms of court therein. See Sections 8 and 11, Article V, Constitution of 1885, as amended. Under Section 1078, Revised Statutes of 1892, *supra,* he can act as a judge and exercise judicial power in cases arising in other circuits than his own. State *ex rel.* Florida Pub. Co. v. Hocker, *supra,* and Simonton v. State *ex rel.* Turman, *supra.* Under

Section 8, Article V, of the constitution, a circuit judge may be required to exchange circuits with other judges, or to hold terms or parts of terms in any other circuit than his own.

3rd. When Judge Palmer, of the third circuit, went into the eighth circuit, under the governor's order, to act as judge of that circuit for two weeks, he was invested with and carried with him all the judicial powers of a circuit judge under the constitution, express, implied or incidental. State ex rel. Attorney General v. Gleason, 12 Fla. 190, text 209; Ex parte J. C. H., 17 Fla. 362, text 369; State ex rel. Smith v. Burbridge, 24 Fla. 112, text 126, 3 South. Rep. 869.

4th. Chapter 5403, Laws of 1905, is a remedial statute, and should be liberally construed in the interest of right and justice. Its provisions applied just as much to Judge Palmer in the trial of the instant case in the eighth circuit as if he were trying it in the third circuit. He derived his powers in the premises not from the order of the governor, but from the constitution and the act of the legislature. He had all the express, implied and incidental powers of a circuit judge. The first section of the act contemplates that the judge who tries a case is the proper judge to make an order for the extension of time for making and presenting a motion for a new trial. It seems to me that the second section of the act contemplates that the same judge who tried the case shall hear and dispose of the motion for a new trial. I also think that as the trial judge is the proper judge to settle the bill of exceptions (Bacon v. State, 22 Fla. 46, text 50) that Judge Palmer had authority, under Section 973, Revised Statutes of 1892, to make an order fixing the

35—S C

time for settling said bill of exceptions. In so far as rule 97 of the rules of the circuit court of 1873 conflicts with said section 973 the rule cannot be operative. The judicial power of Judge Palmer to hear and pass on the motion for the new trial, and to fix a time for settling and to settle the bill of exceptions, may fairly be said to be incidental to the power he exercised in trying the case. The trial could not be said to be complete without the exercise of these functions. Shugart v. Miles, 125 Ind. 445, 25 N. E. Rep. 551; 17 Am. & Eng. Ency. Law (2nd ed.), pp 722, 723.

In conclusion, I am of opinion that chapter 5403 is not unconstitutional because it was not approved by the governor. The provision of section 4 that "This act shall take effect immediately upon its passage and approval" was intended to escape the provision in Section 18, Article 3, of the constitution of 1885, which fixed the date when an act should go into effect. This chapter became a law under Section 28, Article 3, of the constitution.

———

TAYLOR, J.: I concur in the conclusions reached in this case by Justices HOCKER and PARKHILL upon the motion to strike the bill of exceptions from the transcript brought here upon writ of error for the following reasons: Strictly speaking, the question as to whether the judge of the third circuit had authority to hear and determine the motion for new trial in the case pending in the eighth circuit is not one purely of *jurisdiction*. My view is that each and every of our circuit judges has full and complete judicial power and authority under the constitution to hear and determine any cause, or any question in any

cause, over which such courts generally have jurisdiction, no matter in what territorial locality in the state the same may be pending, whenever the *exigency* may arise calling for the exercise of such judicial power or authority. Some of such *exigencies* that will set this *latent judicial power* in motion outside of the *territorial* jurisdiction of the judge called upon to exercise it are that the judge presiding over one territorial circuit is absent from his territory, or, being present, is temporarily disabled by sickness or insanity, or other cause, or, though personally present, is disabled from personal interest in the cause, or by consanguineous relationship to the parties. It is an inaccuracy, therefore, to say that the judge presiding over one territorial locality has no *jurisdiction* to hear and determine a cause pending in another territorial locality presided over generally by another judge of equal and co-ordinate jurisdiction. His jurisdiction, or judicial authority and power, though latent in causes pending outside of the territory over which he generally presides, is ample whenever the exigency arises calling for its exercise. The real inquiry in such cases is not one, strictly speaking, of jurisdiction, but the true question is, *has the exigency arisen* in the given case properly calling for the exercise of such *jurisdiction?* Did the exigency exist in the case in hand properly calling for the exercise by the judge of the third judicial circuit of jurisdiction over the case pending in one of the counties comprised within the eighth judicial circuit? I think that it did. What are the facts? The judge of the third circuit had, by virtue of an order of the governor ordering an exchange of circuits for two weeks, held part of a term of the circuit court in the county of the eighth circuit, where such cause was pend-

ing. He presided at such term over the trial by jury of said cause, which trial was concluded on the last day of the term, a few hours before the judge adjourned the court for the term and departed for his home in his own circuit. Before adjourning the court he made an order, under the statute, Chapter 5403, Acts of 1905, extending the time for fifteen days for the presentation and hearing in vacation of a motion for new trial, and within the time granted he heard and denied such motion for new trial, and then made an order giving time within which to settle and have authenticated a bill of exceptions, and within the time thus granted settled and duly certified the bill of exceptions sought to be stricken from the record here by the pending motion. The contention of the mover is that this motion for new trial should have been presented to the judge of the eighth circuit, within whose territorial jurisdiction the cause was pending, and that the judge of the third circuit had no authority to hear or determine it. It is admitted, or at least it cannot be questioned, that the exigency existed properly calling upon the governor to order the judge of the third circuit to hold that term of court in that county in the place and stead of the judge of the eighth circuit. The presumption is that there existed some circumstance or fact that made it proper that a judge of some other circuit should preside over the trial of all causes there pending and urging for trial, and, consequently, that it was *improper* for the judge of the eighth circuit then and there to preside. This presumption extended to each and every case actually tried at such term; and if the exigency existed making it proper that another judge should be called in to preside at the trial of the case, such presumption continues with the case and follows it through

all of its steps subsequent to its trial until finally dis-
posed of by the court of last resort. One of such subse-
quent steps was the presentation and adjudication of the
motion for new trial. In the case of McGee v. Ancrum,
33 Fla. 499, 15 South. Rep. 231, we have held in effect
that where a judge postpones the hearing of a motion
for new trial until a day in vacation and then hears the
same, that it is virtually a prolongation of the term of
court as to such cause, and that the orders and judgment
then rendered, though in vacation, are virtually rendered
in term. The judge of the third circuit, while presiding
with unquestioned authority over the case in the eighth
circuit, found that the demands of justice required a
postponement of the motion for new trial to a future day.
The term of the court as to such cause was thereby con-
tinued until such future day, and his authority to make
such order of extension cannot be successfully questioned.
But, besides this, the judge of the third circuit heard
and presided over the actual trial of the cause; the judge
of the eighth circuit did not, and was wholly ignorant
of all of the proceedings of such trial. This fact alone
furnishes an *exigency* properly calling for the exercise
by the judge of the third circuit of his latent jurisdiction
to hear and determine the application for new trial in
such cause. The intelligent administration of justice in
the cause demanded that he, and not the judge who was
wholly ignorant of the trial, should pass upon such
motion. Bass v. Swingley, 42 Kan. 729, 22 Pac. Rep. 714,
and authorities cited. This is particularly so in view of
the terms of the statute under which the time was ex-
tended for hearing the motion for new trial. Having
reached the conclusion that the motion for new trial was
properly entertained by the judge of the third circuit, I

think there is no question but that he also was the proper one, and, under the circumstances of this case, the only one, to settle and authenticate the bill of exceptions, and that he could properly at the time of the denial of the motion for new trial, though that was in vacation, make an order fixing a time for the settlement and certification of a bill of exceptions.

A bill of exceptions for use on appellate review may be said to be *"made up"* in the main during the progress of the trial; but, with all the courts universally, we have held that a motion for new trial, and the ruling thereon, and the exception to such ruling, forms and must form a part of the bill of exceptions. A complete bill of exceptions cannot, therefore, be made up until after the motion for new trial is heard and determined, because such essential parts of such bill are not in existence until that time—neither can it be known, either by the judge or the parties to the cause, that any bill of exceptions will ever be necessary, or by whom it will be applied for, until after the motion for new trial is passed upon, and according to the rule in McGee v. Ancrum, *supra,* when such an order is made in vacation it is virtually made in term as to the case in which it is made. The motion to strike the bill of exceptions should be denied, and it is hereby so ordered.

WHITFIELD, J., concurs in the opinion of Mr. Justice TAYLOR.

---

SHACKLEFORD, C. J. (*dissenting*) : I am informed by my associates that they cannot concur in the opinion

which I have prepared in this case and that four of them have reached the opposite conclusion. I have given the opinions prepared by Mr. Justice TAYLOR, Mr. Justice HOCKER and Mr. Justice PARKHILL my most careful consideration and have striven to reach a like conclusion, but find myself unable to do so. This being true, in view of the importance of the questions involved, I have thought that it might be well to submit my views. I am still more inclined to this course by reason of the fact that, while a majority of the members of the court have reached the same conclusion, they have done so by different routes and differ widely among themselves in the reasoning used. I shall not undertake to analyze the opinions referred to above or to examine and criticise the authorities cited therein, but shall content myself with submitting the opinion originally prepared by me, with only a few minor changes therein.

The defendant in error has made a motion to strike the bill of exceptions from the transcript of the record upon the following grounds:

"1st. Because the bill of exceptions was signed in vacation, without an order made within the term of the court granting time for and authorizing the signing and settling of the bill of exception after the expiration of the term of court.

2nd. Because the bill of exceptions was not lawfully signed and settled by the circuit judge, in accordance with the statutes and rules of practice in such cases.

3rd. Because Honorable B. H. Palmer, judge of the third judicial circuit of Florida, was not authorized by the statute to hear and determine, or to make any order ruling upon the motion for a new trial in said cause, out

of and beyond the territorial limits of the eighth judicial circuit of the state of Florida.

. 4th. The order made by Honorable B. H. Palmer, judge of the third judicial circuit, on December 15th, 1906, out of the eighth circuit, and within the third circuit and after the expiration of his term of transfer, authorizing the signing and settling of the bill of exceptions, was invalid and without authority of law.

5th. The signing and settling of the bill of exceptions on the 26th day of January, 1907, by Honorable B. H. Palmer, judge of the circuit court of the third judicial circuit of Florida, was unauthorized and invalid, and said bill of exceptions, therefore, has no verity of validity, and is not properly a record of this cause."

It is undoubtedly true, as contended by defendant in error, that prior to the enactment of Chapter 5403, Laws of 1905, motions for new trials were required to be made in term time and within four days after the verdict shall have been rendered, in accordance with the provisions of Section 1180 of the Revised Statutes of 1892, Section 1608 of the General Statutes of 1906, which is as follows: "Every motion for a new trial shall be made by filing the motion, and the reasons therefor in writing in the court, or by placing the motion and the reasons therefor on the motion docket, within four days after the verdict shall have been rendered, and during the same term; and such motions standing over from one term to another shall operate as a supersedeas only when so ordered by the court. And the entry of such motion shall not prevent the entry of judgment on the verdict."

This statute was originally enacted in 1828, and has been construed by this court. See Dupuis v. Thompson, 16 Fla. 69; William H. T. v. State *ex rel.* M. C., 18 Fla.

883; Palatka & I. R. R. Co. v. State, 23 Fla. 546, 3 South. Rep. 158.

Chapter 5403, Laws of 1905, is as follows:

"AN ACT Relating to Motions for New Trials in Civil Cases.

*Be it Enacted by the Legislature of the State of Florida.*

Section 1. Motions for new trials in civil cases shall be made within four days after the rendition of the verdict and during the same term, but the judge upon cause shown may, within such four days and during the same term, by order, extend the time for the making and presentation of such motions, not to exceed fifteen days from the rendition of the verdict. In all cases of extension of the time for making such motions, a copy of the motion to be presented to the judge shall be served on the opposite party, or his attorney, with three days' notice of the time and place that the same will be presented and heard.

It shall not be necessary to incorporate in any motion for a new trial any matter *in pais* previously excepted to, for the purpose of having the same reviewed by an appellate court.

Sec. 2. The judge shall have the power to hear and determine any motion for new trial in vacation and any such adjudication thereof in vacation shall be entered in the minutes of the court and shall have the like force and effect as if made during term time.

Sec. 3. The provisions of this act shall not apply to criminal causes.

Sec. 4. All laws or parts of laws in conflict with the provisions of this act are hereby repealed, and this act shall take effect immediately upon its passage and approval.

Became a law without the approval of the governor."

It is contended by defendant in error that this chapter never became effectual as a law for the reason that section 4 thereof provides that it "shall take effect immediately upon its passage and approval," and that as it never was approved it never became operative. Great stress is laid upon State ex rel. Boyd v. Deal, 24 Fla. 293, 4 South. Rep. 899, S. C. 12 Amer. St. Rep. 204, holding that "the governor acts as a part of the law making power of the state in approving a bill passed by the legislature. The function is not of an executive but of a legislative character." I fully approve of what was said in the cited case, but fail to see its applicability to the instant case.

Section 28 of Article 3 of the Constitution of 1885 expressly provides that "if any bill shall not be returned within five days after it shall have been presented to the governor (Sunday excepted) the same shall be a law, in like manner as if he had signed it." This language is plain and clear and being a part of the constitution is mandatory and binding. As is said in 1 Lewis' Sutherland Statutory Construction, Section 172, "When a bill becomes a law by the non-action of the executive, under constitutional regulations, the non-action of the executive is a *quasi* approval, not complete until the lapse of the time prescribed for his affirmative action under the given conditions."

I am of the opinion that this contention of the defendant in error must fail and that Chapter 5403, Laws of 1905, did become effective as a law and is now in force.

Turning to the record, I find that the Hon. Bascom H. Palmer, judge of the third judicial circuit of Florida, presided and acted as judge of the eighth judicial circuit of Florida under and by virtue of two separate orders, which are as follows:

A. C. L. R. R. Co. v. Mallard—Dissenting Opinion.

"STATE OF FLORIDA,
EXECUTIVE DEPARTMENT, .
Tallahassee, Fla., Oct. 22nd, 1906.

WHEREAS, It has been officially made known to me that the Honorable Bascom H. Palmer, judge of the third judicial circuit of Florida, is disqualified to sit in judgmen on certain causes pending in the circuit court in and for the county of Suwannee, state of Florida, which causes are for trial at the fall term A. D. 1906, of the said court, to be held in and for Suwannee county, Florida;

NOW, THEREFORE, Acting under the authority vested in the governor of the state of Florida, by the constitution and laws of Florida, I do hereby order that the Hon. Bascom H. Palmer, judge of the third judicial circuit of Florida, and Hon. James T. Wills, judge of the eighth judicial circuit of Florida, do exchange circuits for the period of two weeks, beginning from and including Monday, the 12th day of November, A. D. 1906, and ending Saturday, November 24th, 1906. The Hon. Bascom H. Palmer to preside and act as the judge of the eighth judicial circuit for the said period of time, and the Hon. James T. Wills to preside and act as judge of the third judicial circuit for the said period of time.

In Testimony Whereof, I have hereunto set my hand and caused the great seal of the state to be affixed at Tallahassee, the capital, this 22nd day of Octboer, A. D. 1906.
  (SEAL)                               N. B. BROWARD,
                                       Governor of Florida.

By the Governor:   Attest:

(SEAL)                          H. CLAY CRAWFORD,
                         Secretary of the State of Florida."

A. C. L. R. R. Co. v. Mallard—Dissenting Opinion.

"STATE OF FLORIDA.
EXECUTIVE DEPARTMENT,
Tallahassee, Fla., Oct. 27th, 1906.

WHEREAS, It is officially made known to me that there exists a necessity for a change of circuits between Hon. Bascom H. Palmer, judge of the third judicial circuit of Florida, and Hon. James T. Wills, judge of the eighth judicial circuit of Florida, for the two weeks commencing Monday, November 26th, 1906;

NOW, THEREFORE, Acting under the authority vested in the governor of the state of Florida, by the constitution and laws of said state,

I do hereby order the Hon. Bascom H. Palmer, judge of the third judicial circuit of Florida, and the Hon. James T. Wills, judge of the eighth judicial circuit of Florida, to exchange circuits for the period of two weeks, beginning from and including Monday the 26th day of November, 1906, the Hon. Bascom H. Palmer to preside and act as judge of the eighth judicial circuit of Florida, for the said period of time, and the Hon. James T. Wills to preside and act as judge of the third judicial circuit for the said period of time.

In Testimony Whereof, I have hereunto set my hand and caused the great seal of the state to be affixed at Tallahassee, the capital, this 27th day of October, A. D. 1906.
(Signed)                        N. B. BROWARD,
(Seal)                          Governor of Florida.
By the Governor:   Attest:
(Signed)                        H. CLAY CRAWFORD,
          "Secretarry of the State of Florida."

These orders were made under Section 8 of Article V

of the constitution of 1885. While presiding and acting as judge of the eighth judicial circuit, under and by virtue of such last order, Judge Palmer presided at the trial of the instant case in the circuit court for Alachua county and on the first day of December, 1906, made the following order therein: "The jury in the above cause having rendered their verdict in favor of the plaintiff on this day, and the said defendant through its attorneys having thereupon in open court given notice of its intention to make a motion for a new trial, and it appearing that the testimony in said cause is voluminous, and that the same was taken down by a stenographer who has not yet transcribed her notes, and that the same cannot well be transcribed and considered within the time that this court may remain in session at the present term, and that the hearing of said motion is the only business of the court remaining undisposed of at the present term, it is thereupon ordered under the provisions of Chapter 5403 Laws of Florida, that the time for the making and presentation of said motion be and the same is hereby extended to and so as to include the 15th day of December, A. D. 1906—this order being necessary by reason of the facts above stated, and for the further reason that the court will adjourn for the term on this date.

Done and ordered in open court on this 1st day of December, A. D. 1906."

I am clear that, under the provisions of section 1 of chapter 5403, Judge Palmer had the power and authority to make such order. I am equally clear that, under the provisions of section 2 of such chapter, the judge making such order has the power to hear and determine the motion for a new trial in vacation, if such judge has any power to act upon such motion at all. Just here I encoun-

ter one of the crucial points in the motion to strike the
..., which motion I am now considering.
It is contended by defendant in error that more than two
weeks having elapsed from the 26th day of November,
1906, Judge Palmer's authority to act as judge of the
eighth judicial circuit, derived as it was solely from the
order made by the governor, had ceased, and any order so
made by him was and is null and void. It is further con-
tended that the order so made by him was and is null and
void for the reason that it was made and signed by him
out of and beyond the territorial limits of such eighth cir-
cuit and within the third judicial circuit. Is this position
tenable? I find that the counsel for defendant in error,
at the time the notice was presented to him of calling
up the motion for new trial for a hearing before Judge
Palmer at Lake City on the 15th day of December, 1906,
accepted service thereof but stated in his acceptance that
he did so "not waiving, but reserving and insisting upon
the right to object to all procedure outlined or contem-
plated therein or thereby." I further find that at such
hearing defendant in error filed the following protest:
"In the matter of the presentation of a motion for a new
trial sought to be had herein, under and in pursuance of
notice of and for such presentation filed herein, comes
now the plaintiff and objects to the presentation of such
motion on the following grounds, to wit:

1. The Honorable Bascom H. Palmer, judge of the third
judicial circuit, is without authority to hear and deter-
mine this motion or to make any order in this cause pend-
ing in Alachua county, Florida, in the eighth judicial
circuit, while out of and beyond the territorial limits of
said eighth judicial circuit, to-wit: at Lake City. Florida,
in the third judicial circuit.

2. The Honorable Bascom H. Palmer, judge of the third judicial circuit of Florida, was, by orders of the governor of this state, authorized and directed to exchange circuits with the Honorable J. T. Wills, judge of the eighth circuit, and the time of said exchange has ceased and determined, as shown by certified copies of said orders here exhibited to the court and made parts of this objection, and the said judge of the third circuit has no other and further jurisdiction to hear, consider or determine this motion, or to make any order in this cause, pending in the eighth circuit as aforesaid."

Judge Palmer made an order overruling these objections, and also on the same day, the 15th of December, 1906, made the following order on the motion for a new trial: "The motion for new trial came on to be heard and was argued by counsel, and upon consideration thereof, it is ordered and adjudged that said motion be denied and defendant allowed ninety days in which to prepare and have settled and signed his bill of exceptions. To which ruling defendant excepted, and exceptions noted. Done and ordered in vacation the 15th day of Dec., 1906."

On the 26th day of January, 1907, Judge Palmer also signed the bill of exceptions, containing therein the following recital:

"And inasmuch as the said several matters objected to or insisted upon and considered by the court, do not appear by the record, the said defendant did, on the 26th day of January, A. D. 1907, after the expiration of said term, by virtue of a special order herein made, propose this, its bill of exceptions, to said rulings of said judge, and request him to sign the same, which after due notice

to the opposite party, or her attorney, is done, this 26th day of January, A. D. 1907.

I do hereby certify that the foregoing bill of exceptions contains all the evidence introduced at the trial in the above stated cause.

B. H. PALMER,

Judge of the Third Judicial Circuit, presiding in said trial, by the order of the Governor, instead of the Judge of the Eighth Judicial Circuit."

Assuming for the moment that Judge Palmer, although he had left the eighth circuit and returned to his own circuit, had the authority to settle and sign the bill of exceptions, if presented to him within the time required by law, upon the authority of Bacon v. State, 22 Fla. 46, and authorities therein cited, did he have the like power to pass upon the motion for a new trial? It may well be that the settling and signing of a bill of exceptions, strictly speaking, is not a judicial act, but the "performance of a duty" by a judge as to the certification of certain facts which had transpired before him. I am strengthened in this view by the fact that section 1268 of the Revised Statutes of 1892 empowers and authorizes three persons to sign the bill of exceptions in the presence of the judge, when the judge refuses to sign the same, "which bill shall be as valid and have the same force as though it were signed by the judge of said court." If it were a judicial act, this section would contravene section 1 of Article V of the constitution of 1885. See Williams v. Pitt, 38 Fla. 162, 20 South. Rep. 936, construing section 1268 of the Revised Statutes of 1892.

I have no doubt, however, that passing upon and making an order upon a motion for a new trial is a judicial act, pure and simple, in which the judge exercises the judicial

power and discretion vested in him by law. As was well said in People v. McConnell, 155 Ill. 192, text 201, 40 N. E. Rep. 608, "The court is required to pass upon and determine the motion for a new trial. The determination is a judicial one, to be made by the court, and not by the particular judge who may at a particular time have presided therein." If, then, Judge Palmer had become *functus officio* as to all business pending in the eighth judicial circuit at the expiration of the two weeks he was empowered to act as such judge in the order made by the governor, he could perform no judicial act or exercise no judicial functions as to any matters in the eighth circuit, except under the provisions of Section 1078 of the Revised Statutes of 1892. It is not made to appear that any of the conditions provided for in such section existed, therefore there is no occasion for me to discuss them. It seems clear to me that Judge Palmer could act as judge of the eighth circuit only within the terms of the order made by the governor. It was held in Lauder v. State. 50 Neb. 140, 69 N. W. Rep. 776, that "a judge of the district court, within his own judicial district, has jurisdiction to and may hear and determine a motion for new trial in a case wherein the judge of another district presided during the trial, but before the hearing of the motion, has ceased to preside." See to the same effect State v. Gaslin, 32 Neb. 291, 49 N. W. Rep. 353; Chicago, P. & S. R. Co. v. Town of Marseilles, 107 Ill. 315; Manufacturers Mutual Fire Ins. Co. v. Daboll, 79 ich. 241, 44 N. W. Rep. 604; Malone v. Eastin. 2 Porter (Ala.) 182; Fields v. Thornton, 1 Ga., 306.

If, then, Judge Wills, the judge of the eighth circuit, had the power to pass upon the motion for a new trial in

the instant case, and as to this I have no doubt, it not having been shown that he was disqualified or unable to act, such application should have been made to him, instead of to Judge Palmer. I am constrained to the conclusion that Judge Palmer had no power to act in the matter, and, therefore, his order was a nullity. This being true, what effect must be given to the bill of exceptions signed by him? Rule 97 of the Rules of Circuit Court in Common Law Actions, found on page 32 of rule prefixed to 14 Fla., is as follows: "The bill of exceptions shall be made up and signed during the term of the court at which the verdict is rendered or trial had, unless by special order further time is allowed. In case such special order is made, it shall be entered in the minutes, and in making up the bill of exceptions the fact that such an order was made shall be mentioned therein, or shall otherwise appear in the record." This rule was adopted in 1873 and is still in force. It has been construed several times by this court and it has been uniformly held that "a bill of exceptions should be made up and signed during the term of the court at which the trial is had, unless by special order further time is allowed." Bardin v. L'Engle, 13 Fla. 571; Smith v. State, 20 Fla. 839; Webster v. Barnett, 17 Fla. 272; Potsdamer v. State, 17 Fla. 895; Bowden v. Wilson, 21 Fla. 165; Temple v. Fla. Land & I. Co., 23 Fla. 59, 1 South. Rep. 333; Stephens v. Hale, 33 Fla. 618, 15 South. Rep. 251; Myrick v. Merritt, 21 Fla. 799; Jacksonville St. Ry. v. Walton, 42 Fla. 54, text 79, 28 South. Rep. 59, text. As was said in Bowden v. Wilson, 21 Fla. 165, text 171, "But it is clear, as argued at the bar, that Rule 97 as to the order for further time has not been complied with. It calls for an order made in term and appearing on the minutes and is positive. No order appears on the min-

utes. The rule should be applied to and control cases falling within it till rescinded."

If Judge Palmer had no judicial powers to exercise as judge of the eighth circuit, at the time he made the order denying the motion for a new trial and allowing defendant ninety days in which to prepare and have settled and signed its bill of exceptions, then the entire order must be regarded as a nullity. Even then if chapter 5403, laws of 1905, by necessary implication conferred upon the judge the power to make an order extendinng or allowing time in which to prepare and have settled and signed a bill of exceptions, after the time he made an order on the motion for a new trial, a point which I am not called upon to determine now, it would not avail the plaintiff in error here. Such an order to be effectual must be a valid order made by one having authority to make it. Under the repeated adjudications of this court it would seem clear that the motion to strike the bill of exceptions would have to be granted. Undoubtedly this would be true unless we should determine that the motion for a new trial still remains pending undisposed of, in which event the principle enunciated in Stephens v. Hale, 33 Fla. 618, 15 South. Rep. 251, would seem to govern, and the motion to strike should be denied, a motion to dismiss being the proper remedy. Section 1 of Chapter 5403, Laws of 1905, provides that the judge may by order "extend the time for the making and presenting of such motions, not to exceed fifteen days from the rendition of the verdict." This would seem to require that the motion not only had to be made but to be presented as well within the fifteen days. If this be true, of course presentation to the proper judge is meant, as presentation to the wrong judge would be equivalent to no presentation at all. We have held re-

peatedly that a presentation of the bill of exceptions to the judge within the time allowed is required. See authorities already cited and Bush v. State, 21 Fla. 569; Washington v. State, 48 Fla. 62, 37 South. Rep. 573; Lamb v. State, 50 Fla. 106, 38 South. Rep. 906; Walter v. Perry, 51 Fla. 344, 40 South. Rep. 69. I cannot see why like reasoning would not apply as to the presentation of motions for a new trial. I am of the opinion that the motion for a new trial cannot be said to be still pending, and that the motion to strike the bill of exceptions should be granted.

COCKRELL, J. (*dissenting*) : I concur in the conclusion reached by the chief justice on this motion.

While this court in State *ex rel.* Florida Pub. Co. v. Hocker, judge, 35 Fla. 19, 16 South. Rep. 614, held that a judge of one circuit could entertain over protest a demurrer to a declaration in a cause pending in another circuit the judge whereof was disqualified to act in the particular case, and that decision may fairly be extended to a cause pending in a circuit whereof the judge is physically incapacitated from acting, I do think it cannot avail in the instant case.

The authorities cited by the chief justice and the reasonings there employed show conclusively to my mind that Judge Wills had the jurisdiction and the power to entertain the motion for a new trial after the expiration of the particular days designated by the governor under the provision of the constitution for the exchange of circuits.

The conclusion reached by the majority of the court

seems in conflict with the decision in Clark v. Rugg, 20 Fla. 861. In that case it was held that pending the period of the exchange the resident judge's jurisdiction was absolutely suspended. The case is founded upon North Carolina authorities, and is based upon the inconvenience as well as the unseemliness that might arise out of conflicting jurisdictions.

I do not understand the majority of the court to hold that Judge Wills was without jurisdiction to entertain the motion for a new trial, and should a similar case again arise, the two judges both act and give conflicting judgments, which would be the law of the case? Had Judge Palmer ceased to be judge between the expiration of the governor's order and the presenting of the motion, to whom should the motion be presented?

It is by a strained construction the legislation is extended to include the substitution of another judge for the one provided by the constitution, except where the latter judge is *wholly* unable to act and the speedy administration of justice demands a substitution more prompt than that provided for in the constitution itself; the language of the legislation is not to my understanding broad enough to cover this condition, and I am not at present prepared to say that the legislature has the power to thus deprive a qualified judge willing and able to act of his jurisdiction or to make him share that jurisdiction with another.

The motion to strike should be granted.