CALHOUN COUNTY, a duly organized County in the State of Florida, *Plaintiff in Error*, vs. C. C. LIDDON, *Defendant in Error*.

138 So. 389.

En Banc.

Opinion filed December 10, 1931.

834

*James H. Finch,* for Plaintiff in Error;

*Carter & Pierce,* of Marianna, for Defendant in Error.

MATHEWS, Commissioner:—In February, 1931, the plaintiff below, C. C. Liddon, filed suit in the Circuit Court of Calhoun County against the plaintiff in error, Calhoun County, in assumpsit, for the sum of $1209.47, alleging that the defendant Calhoun County on November 10th, 1930, was justly indebted to E. A. McClellan in the sum of $1209.47 for his fees, costs and disbursements in the performance of his official duty as Sheriff of Calhoun County in the execution of Criminal process issuing out of the Circuit Court and County Judge's Court of said County, the execution of venires for jurors issuing out of said courts, seizing and destroying distilleries and apparatus used in the manufacture of moonshine whiskey, attending inquests and other official services. That the bill had been rendered to the Board of County Commissioners of Calhoun County, had been approved by said Board and ordered paid from the funds of the County and that the Board had failed to pay said bill. The declaration further alleges that the bills and accounts had been duly transferred and assigned by Sheriff E. A. McClellan to plaintiff below, C. C. Liddon.

The defendant below filed a plea of the general issue.

The case was tried before the judge at a regular term without a jury.

At the trial, the defendant below withdrew its defense to all the bills and accounts attached to the declaration

excepting bills numbered 18, 19, 26 and 27, in substance as follows:

| Bill No. 18—Destroying 17 stills | $85.00 | |
| 722 miles | 90.25 | |
| | $175.25. | |
| Bill No. 19—Attending County Judge's Court 11 days | $44.00 | $ 44.00. |
| Bill No. 26—Destroying 6 stills | $30.00 | |
| 232 miles | 29.00 | |
| | $ 59.00. | |
| Bill No. 27—Attending County Judge's Court 12 days | $48.00 | |
| | $ 48.00. | |

It appears from the evidence that the seized articles which were destroyed were never turned over to the Clerk of the Court. The court found for the plaintiff below for the entire amount of Bill No. 18, entire amount of Bill No. 26, and on Bills No. 19 and No. 27, being bills for attending court, found $60.00 instead of the maximum of $92.00.

The verdict upon which final judgment was entered recites: "* * * * and the sum of Two Hundred and Thirty-four and 25/100 Dollars on said bills numbered 18 and 26, and Sixty Dollars on bills numbered 19 and 27, together with interest at eight per cent. since the institution of the suit."

Defendant filed its motion for a new trial and from an order denying same sued out writ of error.

Three questions are involved:

(1) Is a county liable to a sheriff of the county for a per diem charge of $4.00 per day for attendance on court when the service performed consists in carrying a person

arrested and charged with a crime before the County Judge for hearing when there is no regular term of the court being held and the attendance on the court is completed with the entry of a plea of guilty, or the waiver of examination and fixing amount of bond?

(2) Is a county liable to pay its sheriff a fee of $5.00 for the destruction of each whiskey or rum still destroyed when it appears that the sheriff found the stills in the woods and destroyed them there without an order of court for their destruction?

(3) Is a county liable to pay its sheriff a mileage charge in going from the court house and destroying a rum or whiskey still that is found in the woods where no order is made for the seizure of the still or destruction thereof?

Each of these questions was answered in the affirmative by the court below.

Under Section 4588 (2891) Compiled General Laws of Florida, 1927, the fees to be charged by the Sheriffs of the several counties of the State of Florida shall be as follows: "* * * * * * Attendance on all courts, for each court, per day $4.00."

In this State, the judicial power is vested by the Constitution in certain courts, of which the County Judge's Court is one. Article V., Sec. 1, Constitution of Florida. Among the powers assigned to him by the Constitution is that of a committing magistrate. Article V., Sec. 17, Constitution of Florida.

Under the Constitution, a court may act in the person of the judge when he is clothed by law with authority to adjudicate upon matters brought before him which do not call into operation other parts of the judicial machinery. Atlantic Coast Line R. R. Co. vs. Mallard, 53 Fla. 515, 43 So. 755, Southern Text 764.

When the Sheriff took the prisoners before the County Judge for the purposes shown in this case they were in his custody. It was his duty to attend the court after carry-

ing the prisoners there, because the court was in session for the purpose of hearing the cause before it, and it was the duty of the sheriff to be present to carry out whatever orders the court might make. The mere fact that the sheriff may have done no more than to have called order in court, guarded the prisoners and carried the prisoners back and forth to jail, does not affect his rights to a fee for his attendance on court.

The next question involved is the validity of the charge made for destruction of stills. The Sheriff charged a fee of $5.00 for each still destroyed. In the judgment are included these fees on 23 stills amounting to the sum of $115.00. The provision for such a fee or charge is found in Section 7627 (5483) Compiled General Laws of Florida, 1927. Here the statute, after enumerating the duties to be performed by the sheriff in connection with the seizure of intoxicating liquor and apparatus and property unlawfully used in connection therewith provides: * * * * and for each seizure made by him or his deputy when the same are ordered destroyed or sold by the Circuit Judge, he shall receive an additional fee of $5.00.''

Under the provisions of Section 7627 (5483) Compiled General Laws of Florida, 1927, the additional fee of $5.00 for each seizure made by the Sheriff or his deputy is payable only when the thing seized is by the court ordered to be destroyed or sold.

The third question involved is the validity of the charges made by the sheriff for mileage in going to and returning from stills that were destroyed. There is included in the judgment therefor the sum of $119.25.

Section 7627 (5483) Compiled General Laws of Florida, 1927, provides as follows: * * * * For the performance of the duties required of the sheriff by the provisions of this section, or the provisions of section 7625 (5481) and 7626 (5482), he shall receive the same fees provided by

law for the arrest and return of persons charged with crime, including the same mileage * * * *.''

Section 7627 (5483) Compiled General Laws of Florida, 1927, provides that it shall be the duty of the sheriff to seize property used in violation of the prohibition laws and to keep the same until disposed of as by that section provided. It requires the sheriff to do the following things:

(1) To make and subscribe to an oath in writing reciting the seizure, with the date, place and thing seized.

(2) Within ten days after making such oath to present same to the judge of the Circuit Court of the County where such things are seized.

(3) To serve a notice of the order required to be made by the judge (setting a hearing on the affidavit) upon the owner of the thing seized or the person through whose possession it was taken.

(4) If the sheriff's affidavit shows that the things seized were not taken from the custody or possession of anyone or that the owner is unknown * * * * *, he must post a notice at the court house door, setting forth certain things in compliance with the statute.

It appears from the evidence in this case that the sheriff did not attempt to carry out the requirements of the statute next above set forth.

Section 7625 (5481) Compiled General Laws of Florida, 1927, provides: ''Upon the arrest of any person charged with the violation of any of the provisions of this article, it shall be the duty of the arresting officer to take into his custody all alcoholic or intoxicating liquors or beverages and all things mentioned in Section 7605 (5462 Revised General Statutes 1920), and all other personal property that may have been used by such person in the violation of any of the provisions of this Article * * * * ''.

Authority is here given for the seizure of personal property used in violating the prohibition laws when someone has been arrested for such violation. This statute con-

templates the arrest of some person, an offender against the law. In addition to providing for his arrest and prosecution, this section of the statute provides for the seizure of property used by such person in the furtherance of his unlawful work; and it is made the duty of the sheriff, under the provisions of this section, to do certain things, as follows:

(1) To take the property seized into his custody;

(2) At the place of seizure to make an inventory of the thing seized;

(3) To deliver to the person from whom the liquor or other things were taken a true list of all such articles, with a description of the receptacles in which the liquor is held;

(4) He must deliver all things so seized to the Clerk of the Circuit Court, together with the original list or inventory.

Section 7626 (5482) Compiled General Laws of Florida, 1927, relates to the method of forfeiture.

It appears from the evidence that the sheriff did not carry out his duties required by Section 7627 (5483) and Section 7625 (5481) Compiled General Laws of Florida, 1927, so as to entitle him to collect for mileage.

The statutes do not contemplate that the sheriff may roam at large over his county and destroy stills where found in the woods and other property supposed by him to be used unlawfully, and in turn report to no one, account to no one, and then at the end of each month collect for services rendered in that connection.

It appearing that there is included in the verdict and final judgment appealed from in this case the sum of $234.25 with interest from date of institution of the suit which is not proper to have been included therein, it is ordered that if within 30 days the plaintiff below enters a remittitur of $234.25 with interest thereon at eight per cent. from the date of the institution of this suit to the date of the judgment the judgment shall stand for the re-

mainder thereof as of the date thereof otherwise, the judgment shall stand reversed for a new trial.

PER CURIAM.—The record in this cause having been considered by the Court and the foregoing opinion prepared under Chapter 14553 Acts of 1929 (Extra Sess.) adopted by the Court as its opinion, it is considered, ordered and adjudged by the court that if within thirty days the plaintiff enters a remittitur of $234.25 with interest thereon at eight per cent. from the date of the institution of this suit, to the date of the judgment the judgment shall stand affirmed .for the remainder thereof, as of the date thereof otherwise the judgment shall stand reversed for a new trial.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.